**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Stauffer,<br><br>        Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>        Respondents. | No. CV-19-02377-PHX-ROS (DMF)<br><br>**ORDER** |

On February 21, 2020, Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R") recommending the Court deny Respondents' Motion to Stay. (Doc. 31). Neither party filed objections. Therefore, the R&R will be adopted and the Motion to Stay will be denied. In addition, Petitioner will be given the opportunity to dismiss one of his claims. If Petitioner does not dismiss that claim, the Court will dismiss the entire petition.

Petitioner's federal petition contains three claims that he could have—and should have—raised on direct appeal after his criminal conviction. Petitioner did not raise those claims during his direct appeal and there is no longer a procedurally proper way for him to raise them in state court. Therefore, those claims appear to be "technically exhausted." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). Petitioner's federal petition also includes a claim based on the alleged ineffective assistance of trial counsel. Instead of requiring such a claim be presented on direct appeal, "Arizona law only permits defendants to bring ineffective assistance of counsel claims in . . . post-conviction review

proceedings." *Murdaugh v. Ryan*, 724 F.3d 1104, 1123 (9th Cir. 2013). Petitioner initiated such a proceeding in the Gila County Superior Court, but that proceeding is still pending. Thus, the ineffective assistance of trial counsel appears to be unexhausted.

A federal petition containing exhausted and unexhausted claims "is typically called a 'mixed petition.'" *Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017). And "[f]ederal courts may not adjudicate mixed habeas petitions." *Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013). The Supreme Court has approved of two options when a court is faced with a mixed petition. *Dixon*, 847 F.3d at 719. First, the petition can be stayed "pending exhaustion in state court of the petitioner's unexhausted claims." *Id.* Second, the petitioner can be given the opportunity "to delete the unexhausted claims and to proceed with the exhausted claims." *Id.*

As correctly explained in the R&R, Petitioner has not established a stay is appropriate. That means the only option is for Petitioner to be given the opportunity to delete his unexhausted claim involving the ineffective assistance of counsel. Petitioner will be required to file a statement indicating that he wishes to delete his unexhausted claim and proceed on the exhausted claims. If Petitioner does not state he is willing to delete the unexhausted claim, the Court will have no choice but to dismiss the petition in its entirety.[1]

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 31) is **ADOPTED**. The Motion to Stay and Resetting of Filing Deadline for Answer to Petition for Writ of Habeas Corpus (Doc. 27) is **DENIED IN PART** and **GRANTED IN PART**. The request for a stay is **DENIED**. The request to extend the answer deadline is **GRANTED** as set forth below.

**IT IS FURTHER ORDERED** no later than **May 1, 2020**, Petitioner shall file a statement indicating he wishes to delete his claim alleging ineffective assistance of counsel.

---

[1] Petitioner might be free to return to federal court upon the completion of his post-conviction relief proceeding. *Cf. Slack v. McDaniel*, 529 U.S. 473, 487 (2000) ("A petition filed after a mixed petition has been dismissed . . . before the district court adjudicated any claims is to be treated as 'any other first petition' and is not a second or successive petition.").

Respondents shall file their answer within thirty days of Petitioner filing such a statement.

**IT IS FURTHER ORDERED** if Petitioner does not file a statement by **May 1, 2020**, the Clerk of Court is directed to enter a judgment of dismissal without prejudice and without further notice to Petitioner.

Dated this 17th day of April, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge